IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY AND SATTERFIELD & PONTIKES CONSTRUCTION, INC., <br><br>　　　　　　Plaintiffs, <br><br>v. <br><br>UNITED STATES FIRE INSURANCE COMPANY, <br><br>　　　　　　Defendant. | § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:15-cv-1926 |

**PLAINTIFFS' ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW American Guarantee and Liability Company and Satterfield & Pontikes and by their Original Complaint for Declaratory Judgment would show the Court the following:

**I.
THE PARTIES**

1.　　Plaintiff American Guarantee and Liability Insurance Company ("AGLIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. AGLIC is authorized to transact business and has transacted business in Texas.

2. Plaintiff Satterfield & Pontikes Construction, Inc. ("S&P") is a corporation engaged in the construction business with a corporate office and principal located at 11000 Equity Drive, Suite 100, Houston, Texas, 77041.

3. Defendant United States Fire Insurance Company ("USFI") is a Delaware corporation engaged in the insurance business with its administrative office or principal place of business located at 305 Madison Avenue, Morristown, New Jersey 07960 and doing business in the State of Texas. United States Fire Insurance Company may be served with process through its Registered Agent for Service, Mike Hicks, Regional Claims Manager, 6404 International Parkway, Suite 1000, Plano, Texas, 75093.

## II.
## JURISDICTION

4. The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201. This matter is properly before this Honorable Court under 28 U.S.C. §2201 as complete diversity exists between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.
## VENUE

5. Venue is proper in this matter pursuant to 28 U.S.C. §1391 as the contract for insurance was issued to the insured in this district, thus a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
## BACKGROUND FACTS/UNDERLYING SUIT

6. On May 20, 2011, Zapata County filed suit against S&P in the 49th Judicial District Court of Zapata County, Texas, Cause No. 7,779, alleging negligence and breach of contract arising out of the construction of the Zapata County Courthouse (the "underlying suit").

7. By motion and per contractual requirements, the underlying matter was ordered to proceed before the American Arbitration Association ("AAA"), AAA Case No. 01-14-0001-0722. The Fourth Amended Petition before the AAA continues to allege negligence and breach of contract against S&P, as well as cross-claims against several third- and fourth- party defendants.

8. S&P was the general contractor, overseeing the construction of the Zapata County Courthouse, located at 200 E. 7th Avenue, Zapata, Zapata County, Texas 78076 (the "project").

9. The Fourth Amended Petition asserts that the negligent acts or omissions of S&P and their subcontractors involved in the project, caused damages and loss to the property. Additionally, it alleges that S&P failed to comply with contract documents, failed to meet minimum industry standards, and failed to construct the project in a good and workmanlike manner, thereby breaching its contract with Zapata County.

10. Per the Fourth Amended Petition, all of the damages allegedly arise "from the construction of the Zapata Courthouse."

11. All damages were to the single building located at 200 E. 7th Avenue, Zapata, Zapata County, Texas 78076.

## V.
## INSURANCE POLICIES

12. AGLIC issued Commercial General Liability Policy no. GLO 3436871-05 to Satterfield & Pontikes for the period of December 31, 2006 to December 31, 2007, with a $1,000,000 per occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products-completed operations aggregate limit. (the "AGLIC Policy").

13. The AGLIC Policy covers damages that the insured becomes legally obligated to pay as damages "because of" "property damage," but only if the "property damage" is caused by an "occurrence."

14. The AGLIC Policy defines an "occurrence" as follows:

> "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

15. USFI issued Commercial Umbrella Policy No. 553-089470-4 to Satterfield & Pontikes for the period of December 31, 2006 to December 31, 2007, with a $25,000,000 per occurrence limit, a $25,000,000 general aggregate limit, and a $25,000,000 products-completed operations aggregate limit. (the "USFI Umbrella Policy").[1]

16. As umbrella coverage, the USFI Umbrella Policy is not triggered until the limits of the primary commercial liability policy are exhausted.

17. As the insured under the AGLIC Policy, the USFI Umbrella Policy,[2] and several other policies, S&P is entitled under Texas law, to choose a policy or policies from

---

[1] USFI has also issued to S&P commercial umbrella policies Nos. 553-088188-6, 553-090741-2 and 553-091898-6 for the policy periods of December 31, 2005 to December 31, 2006, December 31, 2007 to December 31, 2008, and December 31, 2008 to December 31, 2009, respectively. These policies are umbrella policies over primary commercial general liability policies issued to S&P by Zurich American Insurance Company ("Zurich") and Amerisure Mutual Insurance Company for the same periods.

[2] S&P is also insured commercial general liability policies issued by Amerisure Mutual Insurance Company from December 31, 2007 through December 31, 2011. Zurich also issued a Commercial General Liability Policy, No. GLO3436871-04 to S&P for the period of December 31, 2005 to December 31, 2006.

among triggered insurance coverage and has selected the AGLIC Policy and the USFI Policy to respond to the underlying suit.

18. AGLIC has provided S&P with a defense in the underlying suit and the alleged damages exceed both the per occurrence and aggregate limit of the AGLIC Policy.

19. AGLIC is in dispute with USFI as to their obligations under their respective insurance policies with regards to the underlying suit.

20. In particular, based on the allegations of the Petition that all the damages arose from the construction of the Zapata Courthouse and occurred at that single location, AGLIC has asserted the position that the underlying suit arises out of a single cause and constitutes a single "occurrence" under the AGLIC Policy.  As such, if S&P is held liable for damages in excess of the $1,000,000 AGLIC is obligated to pay, at most, only its $1,000,000 per occurrence limits under the AGLIC Policy.

21. As the insured under the AGLIC and USFI Policies, S&P also contends that the USFI Policy is triggered after AGLIC has paid its $1,000,000 per occurrence limit under the AGLIC Policy.

22. Contrarily, USFI contends that the underlying suit arises out of multiple "occurrences" and that its policy obligations are not triggered until and unless AGLIC contributes its aggregate limit of $2,000,000 for liability damages arising from the underlying suit.

23. The dispute regarding the number of "occurrences" alleged by the underlying suit has resulted in an actual controversy that affects the ability of the parties to reach a resolution in the underlying suit.

## VI.
## CAUSE OF ACTION-DECLARATORY JUDGMENT

24. AGLIC and S&P re-allege and incorporate by reference the allegations contained above in paragraphs 1-23.

25. AGLIC and S&P seek a declaration of this Court, pursuant to 28 U.S.C. §§2201, 2202, as an actual controversy exists between the parties regarding the rights and obligations of AGLIC and USFI under those insurance policies issued to S&P that respond to the claim asserted in the underlying suit.

26. The claims made in the underlying suit constitute a single "occurrence" under the selected AGLIC Policy.

27. Thus, pursuant to the AGLIC Policy, AGLIC is only obligated to pay the per occurrence limit of $1,000,000 for indemnity of covered damages arising from the underlying suit before that Policy is fully and completely exhausted.

28. Moreover, the selected USFI Umbrella Policy is triggered and a duty is owed under the indemnity provisions of the selected USFI Umbrella Policy once the selected AGLIC Policy has exhausted the $1,000,000 per occurrence policy limit.

29. AGLIC and S&P have complied with the conditions precedent to coverage under the policies and the parties agree that coverage is triggered under the policies, subject to the terms and conditions of those policies.

30. However, despite the trigger of coverage and the selection of policies by the insured, S&P, USFI has severely hampered settlement efforts by asserting that the underlying suit arises from multiple "occurrences" and by improperly refusing to pay

pursuant to the selected USFI Umbrella Policy until the $2,000,000 aggregate limit of the selected AGLIC Policy is exhausted.

31. As such, AGLIC and S&P seek a declaration of this Court interpreting the policies at issue. Specifically, AGLIC and S&P request a declaration finding that the underlying suit alleges a single "occurrence" under the AGLIC Policy and payment of the $1,000,000 per occurrence limit under the AGLIC Policy exhausts the policy limits with respect to the underlying suit and triggers USFI's duty to pay indemnity in excess thereof.

## VI.
## CAUSE OF ACTION-BREACH OF CONTRACT

32. AGLIC and S&P re-allege and incorporate by reference the allegations contained above in paragraphs 1-34.

33. USFI and S&P have entered into a contract for insurance, the USFI Umbrella Policy.

34. S&P has satisfied all conditions precedent in the USFI Umbrella Policy, including payment of premiums.

35. USFI has been notified of the claims against its insured, S&P, in the underlying suit. USFI was provided the pleadings, documents, and information regarding damages related to the underlying suit.

36. USFI owes a duty to S&P under the USFI Umbrella Policy to pay damages in excess of the AGLIC Policy's $1,000,000 per occurrence limit.

37. USFI has failed to fulfill its contractual obligations owed to S&P under the USFI Umbrella Policy.

38. USFI's failure to fulfill its contractual obligations to S&P constitutes a repudiation of the contract or, alternatively, a material breach of contract, which has resulted in the inability to successfully resolve the underlying suit in an efficient and timely manner. Thus, S&P has incurred additional expenses, including attorney's fees and expenses, in negotiating settlement of the underlying suit and in pursing this action.

## VII.
## ATTORNEYS' FEES

39. AGLIC and S&P have been forced to hire the undersigned attorneys to prosecute this claim. Pursuant to 28 U.S.C. 2202, AGLIC and S&P respectfully request that the Court award them the reasonable and necessary attorneys' fees they incur in this lawsuit. S&P also requests an award of its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code arising out of USF's breach of its policy contract with S&P.

## VIII.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs AGLIC and S&P respectfully pray that Defendant be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendant for the following:

1. Declaration that the underlying suit alleges only a single "occurrence" under the AGLIC Policy.

2. Declaration that payment of the $1,000,000 per occurrence limit under the AGLIC Policy exhausts that policy's limits with respect to the underlying suit and triggers USFI's duty to defend and/or pay under the USFI Umbrella Policy.

3. USFI's failure to pay indemnity in excess of the AGLIC's $1,000,000 per occurrence limit constitutes a repudiation or breach of contract.

4. S&P and AGLIC are entitled to recover for its costs expenses and fees in pursuing this action for coverage from USFI.

5. All other relief to which AGLIC and S&P are entitled.

>Respectfully submitted,
>
>/s/ *Rebecca DiMasi*
>Rebecca DiMasi
>State Bar No. 24007115
>Southern District ID No: 29641
>**BUCHANAN DIMASI DANCY & GRABOUSKI LLP**
>9600 Great Hills Trail, Suite 300 West
>Austin, Texas 78759
>Telephone:   512.225.2800
>Facsimile:   512.225.2801
>Email:         rdimasi@bddglaw.com
>
>ATTORNEYS FOR PLAINTIFF AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY
>
>
>/s/ *Patrick J. Wielinski*
>Patrick J. Wielinski
>State Bar No. 21432450
>**COKINOS, BOSIEN & YOUNG**
>800 Crestview Tower
>105 Decker Court
>Irving, TX  75062
>Telephone:   817-635-3620
>Facsimile:   817-635-3633
>Email:         pwielinski@cbylaw.com
>
>ATTORNEYS FOR PLAINTIFF SATTERFIELD & PONTIKES