IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY AND SATTERFIELD & PONTIKES CONSTRUCTION, INC., | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. 4:15-CV-01926 |
| UNITED STATES FIRE INSURANCE COMPANY, | § | |
| Defendant. | § | |

**PLAINTIFFS' AMENDED COMPLAINT FOR DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW American Guarantee and Liability Insurance Company and Satterfield & Pontikes Construction, Inc. and by their Amended Complaint for Declaratory Judgment would show the Court the following:

**I.**
**THE PARTIES**

1. Plaintiff American Guarantee and Liability Insurance Company ("AGLIC") is a New York corporation engaged in the insurance business with a statutory home office located at One Liberty Plaza, 165 Broadway, 32nd Floor, New York, New York 10006, and its principal place of business located at 1400 American Lane, Schaumburg, Illinois 60196. AGLIC is authorized to transact business and has transacted business in Texas.

2. Plaintiff Satterfield & Pontikes Construction, Inc. ("S&P") is a corporation engaged in the construction business with a corporate office and principal place of business located at 11000 Equity Drive, Suite 100, Houston, Texas 77041.

3. Defendant United States Fire Insurance Company ("USFI") is a Delaware corporation engaged in the insurance business with its administrative office or principal place of business located at 305 Madison Avenue, Morristown, New Jersey 07960 and doing business in the State of Texas. United States Fire Insurance Company has been served with process and appeared in this action.

## II.
## JURISDICTION

4. The jurisdiction of this Court over the subject matter of this action is predicated on Fed. R. Civ. P. 57 and 28 U.S.C. §2201. This matter is properly before this Honorable Court under 28 U.S.C. §2201 as complete diversity exists between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

## III.
## VENUE

5. Venue is proper in this matter pursuant to 28 U.S.C. §1391 as the contract for insurance was issued to the insured in this district, thus a substantial part of the events or omissions giving rise to the claims occurred in this district.

## IV.
## BACKGROUND FACTS/UNDERLYING SUIT

6. On May 20, 2011, Zapata County filed suit against S&P in the 49th Judicial District Court of Zapata County, Texas, Cause No. 7,779, alleging negligence and breach of contract arising out of the construction of the Zapata County Courthouse.

7. By motion and per contractual requirements, the matter was ordered to proceed before the American Arbitration Association ("AAA"), AAA Case No. 01-14-0001-0722 ("underlying arbitration").

8. S&P was the general contractor, overseeing the construction of the Zapata County Courthouse, located at 200 E. 7th Avenue, Zapata, Zapata County, Texas 78076 (the "project").

9. In the underlying arbitration, Zapata County alleged that the negligent acts or omissions of S&P and their subcontractors involved in the project, caused damages and loss to the property. Additionally, it alleged that S&P failed to comply with contract documents, failed to meet minimum industry standards, and failed to construct the project in a good and workmanlike manner, thereby breaching its contract with Zapata County.

10. As stated in the pleadings of Zapata County, all of the damages arise "from the construction of the Zapata Courthouse."

11. All damages were to the single building located at 200 E. 7th Avenue, Zapata, Zapata County, Texas 78076.

12. On March 28, 2016, the arbitrators in the underlying arbitration issued the Final Award, finding that Zapata County's damages were the result of S&P's failure to build the

courthouse in a good and workmanlike manner and failure to properly supervise its subcontractors.

13. In the Final Award, the arbitrators awarded Zapata County $6,072,000 in damages plus attorney fees in the sum of $1,500,000 together with prejudgment interest in the sum of $430,458 through March 22, 2016, and thereafter at the daily rate of $609.17 through the date of the Final Award.

14. On March 30, 2016, Zapata County filed its motion to confirm the arbitration award and enter judgment, and has requested a supersedeas bond. Zapata County seeks a hearing on its motion next week.

15. On April 1, 2016, USFI, in a letter from its coverage counsel to the undersigned counsel, set out dozens of purported and ineffective defenses to coverage for the portion of the award in excess of $2,000,000 within its layer of coverage. In the letter, USFI requested additional information, subsequent to the issuance of the Final Award and after having been copied on all information, documentation and reports of defense counsel; nevertheless, the letter constituted a denial of coverage to S&P.

## V.
## INSURANCE POLICIES

15. AGLIC issued Commercial General Liability Policy No. GLO 3436871-05 to Satterfield & Pontikes for the period of December 31, 2006 to December 31, 2007, with a $1,000,000 per occurrence limit, a $2,000,000 general aggregate limit, and a $2,000,000 products-completed operations aggregate limit (the "AGLIC Policy").

16. The AGLIC Policy covers damages that the insured becomes legally obligated to pay as damages "because of" "property damage," but only if the "property damage" is caused by an "occurrence."

17. The AGLIC Policy defines an "occurrence" as follows:

> "'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions."

18. USFI issued Commercial Umbrella Policy No. 553-089470-4 to Satterfield & Pontikes for the period of December 31, 2006 to December 31, 2007, with a $25,000,000 per occurrence limit, a $25,000,000 general aggregate limit, and a $25,000,000 products-completed operations aggregate limit (the "USFI Umbrella Policy").[1]

19. As umbrella coverage, the USFI Umbrella Policy is not triggered until the limits of the primary commercial liability policy are exhausted.

20. As the insured under the AGLIC Policy, the USFI Umbrella Policy,[2] and several other policies, S&P is entitled under Texas law, to choose a policy or policies from among triggered insurance coverage and has selected the AGLIC Policy and the USFI Policy to respond to the underlying arbitration and the Final Award issued therein.

21. AGLIC provided S&P with a defense in the underlying arbitration where the alleged damages exceeded both the per occurrence and aggregate limits of the AGLIC Policy.

---

[1] USFI has also issued to S&P commercial umbrella policies Nos. 553-088188-6, 553-090741-2 and 553-091898-6 for the policy periods of December 31, 2005 to December 31, 2006, December 31, 2007 to December 31, 2008, and December 31, 2008 to December 31, 2009, respectively. These policies are umbrella policies over primary commercial general liability policies issued to S&P by Zurich American Insurance Company ("Zurich") and Amerisure Mutual Insurance Company for the same periods.

[2] S&P is also insured under commercial general liability policies issued by Amerisure Mutual Insurance Company from December 31, 2007 through December 31, 2011. Zurich also issued a Commercial General Liability Policy, No. GLO3436871-04 to S&P for the period of December 31, 2005 to December 31, 2006.

22. AGLIC is in dispute with USFI as to their obligations under their respective insurance policies to fund the Final Award in the underlying arbitration.

23. In particular, based on the allegations of Zapata County that all the damages arose from the construction of the Zapata Courthouse and occurred at that single location, AGLIC has asserted the position that the underlying arbitration arises out of a single cause and constitutes a single "occurrence" under the AGLIC Policy. AGLIC's position is also based on the arbitrators' finding that S&P's failure to build the courthouse in a good and workmanlike manner and failure to properly supervise its subcontractors resulted in the damages awarded to Zapata County by the arbitrators. As such, AGLIC is obligated to pay at most, only its $1,000,000 per occurrence limits under the AGLIC Policy.

24. As the insured under the AGLIC and USFI Policies, S&P also contends that the USFI Policy is triggered after AGLIC has paid its $1,000,000 per occurrence limit under the AGLIC Policy.

25. Contrarily, USFI contends that the underlying arbitration arises out of multiple "occurrences" and that its policy obligations are not triggered until and unless AGLIC contributes its aggregate limit of $2,000,000 to the payment of the Final Award.

26. The dispute regarding the number of "occurrences" on which the Final Award in the underlying arbitration is based, as well as numerous of the other purported and inapplicable coverage defenses, has resulted in an actual controversy that affects the ability of the parties to reach a resolution as to the funding of the Final Award.

## VI.
## CAUSE OF ACTION-DECLARATORY JUDGMENT

27. AGLIC and S&P re-allege and incorporate by reference the allegations contained above in paragraphs 1-26.

28. AGLIC and S&P seek a declaration of this Court, pursuant to 28 U.S.C. §§2201, 2202, as an actual controversy exists between the parties regarding the rights and obligations of AGLIC and USFI under those insurance policies issued to S&P as to the payment of the Final Award against S&P in the underlying arbitration.

29. The claims made in the underlying arbitration on which the Final Award is based constitute a single "occurrence" under the selected AGLIC Policy.

30. Thus, pursuant to the AGLIC Policy, AGLIC is only obligated to pay the per occurrence limit of $1,000,000 for indemnity of covered damages arising from the underlying arbitration before that Policy is fully and completely exhausted.

31. Moreover, the selected USFI Umbrella Policy is triggered and a duty is owed under the indemnity provisions of the selected USFI Umbrella Policy once the selected AGLIC Policy has exhausted the $1,000,000 per occurrence policy limit.

32. AGLIC and S&P have complied with the conditions precedent to coverage under the policies and the parties agree that coverage is triggered under the policies, subject to the terms and conditions of those policies.

33. However, despite the trigger of coverage and the selection of policies by the insured, S&P, USFI has refused to honor its contractual obligation to fund the portion of the Final Award within its limits, asserting that the underlying arbitration arises from multiple "occurrences" and improperly refusing to pay pursuant to the selected USFI Umbrella Policy

until the $2,000,000 aggregate limit of the selected AGLIC Policy is exhausted, as well as relying on other purported and inapplicable coverage defenses.

34. As such, AGLIC and S&P seek a declaration of this Court interpreting the policies at issue. Specifically, AGLIC and S&P request a declaration finding that the Final Award in the underlying arbitration is based on a single "occurrence" under the AGLIC Policy and payment of the $1,000,000 per occurrence limit under the AGLIC Policy exhausts the policy limits with respect to the underlying arbitration and triggers USFI's duty to pay the remainder of the Final Award in excess thereof.

## VI.
## CAUSE OF ACTION-BREACH OF CONTRACT

35. AGLIC and S&P re-allege and incorporate by reference the allegations contained above in paragraphs 1-34.

36. USFI and S&P have entered into a contract for insurance, the USFI Umbrella Policy.

37. S&P has satisfied all conditions precedent in the USFI Umbrella Policy, including payment of premiums.

38. USFI has been notified of the Final Award against its insured, S&P, in the underlying arbitration, and Zapata County's motion to confirm the award and enter judgment. In addition to the Final Award, USFI was provided the pleadings, documents, and information regarding damages related to the underlying arbitration.

39. USFI owes a duty to S&P under the USFI Umbrella Policy to fund the portion of the Final Award within its limits and in excess of the AGLIC Policy's $1,000,000 per occurrence limit.

40. USFI has failed to fulfill its contractual obligations owed to S&P under the USFI Umbrella Policy.

41. USFI's failure to fulfill its contractual obligations to S&P constitutes a repudiation of the contract or, alternatively, a material breach of contract, which has resulted in the inability to fund the Final Award against S&P, which Zapata County now seeks to have confirmed and judgment entered. Thus, S&P has incurred additional expenses, including attorney's fees and expenses, in pursing this action.

## VII.
## CAUSE OF ACTION-VIOLATION OF TEXAS INSURANCE CODE

42. S&P re-alleges and incorporates by reference the allegations contained above in paragraphs 1-41.

43. S&P also brings this action against USFI pursuant to Sections 541.060 and 541.152 of the Texas Insurance Code. All conditions precedent to maintain this cause of action have been performed, have occurred, or are otherwise excused by law.

44. USFI has engaged in the following false, misleading, deceptive acts or practices pursuant to Section 541.060(a) of the Texas Insurance Code:

a. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim to which USFI's liability has become reasonably clear;

b. Failing within a reasonable time to affirm or deny coverage of a claim to S&P;

c. Failing to pay a claim without conducting a reasonable investigation with respect to the claim; and

d. Other false, misleading, deceptive acts or practices under Section 541.060(a) as discovery may reveal.

45. USFI's conduct was and is a producing cause of actual damages suffered by S&P.

46. USFI acted knowingly in committing the following false, misleading, and deceptive acts and practices:

a. Refusing to honor its contractual obligation to fund the Final Award, thereby delaying payment of the Final Award; and

b. Committing other false, misleading and deceptive acts and practices as discovery may reveal.

47. As a result of these knowingly false, misleading and deceptive acts and practices of USFI, S&P seeks trebled damages under Section 541.152(b) of the Texas Insurance Code.

## VIII.
## ATTORNEYS' FEES

48. AGLIC and S&P have been forced to hire the undersigned attorneys to prosecute this claim. Pursuant to 28 U.S.C. 2202, AGLIC and S&P respectfully request that the Court award them the reasonable and necessary attorneys' fees they incur in this lawsuit. S&P also requests an award of its reasonable and necessary attorneys' fees pursuant to Chapter 38 of the Texas Civil Practices and Remedies Code arising out of USFI's breach of its policy contract with S&P, and pursuant to Section 541.152(a)(1) of the Texas Insurance Code.

**VIII.**
**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs AGLIC and S&P respectfully pray that Defendant be cited to appear and answer this lawsuit and that this Court enter a judgment against Defendant for the following:

1. Declaration that the claims made in the underlying arbitration on which the Final Award is based constitute a single "occurrence" under the AGLIC Policy.

2. Declaration that payment of the $1,000,000 per occurrence limit under the AGLIC Policy exhausts that policy's limits with respect to the underlying arbitration and triggers USFI's duty under the USFI Umbrella Policy to pay the remainder of the Final Award in excess of the AGLIC Policy's $1,000,000 per occurrence limit.

3. USFI's failure to pay indemnity in excess of the AGLIC's $1,000,000 per occurrence limit constitutes a repudiation or breach of contract.

4. S&P and AGLIC are entitled to recover their costs, expenses and fees incurred in pursuing this action for coverage from USFI.

5. S&P is entitled to recover statutory damages, including trebled damages, under Chapter 151 of the Texas Insurance Code.

6. All other relief to which AGLIC and S&P are entitled.

Respectfully submitted,

*<u>/s/ Rebecca DiMasi</u>*
Rebecca DiMasi
State Bar No. 24007115
Southern District ID No: 29641
**BUCHANAN DIMASI DANCY & GRABOUSKI LLP**
9600 Great Hills Trail, Suite 300 West
Austin, Texas 78759
Telephone: 512.225.2800
Facsimile: 512.225.2801
Email: rdimasi@bddglaw.com

ATTORNEYS FOR PLAINTIFF AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY

/s/ Patrick J. Wielinski
Patrick J. Wielinski
State Bar No. 21432450
**COKINOS, BOSIEN & YOUNG**
800 Crestview Tower
105 Decker Court
Irving, TX 75062
Telephone: 817-635-3620
Facsimile: 817-635-3633
Email: pwielinski@cbylaw.com

ATTORNEYS FOR PLAINTIFF
SATTERFIELD & PONTIKES

**CERTIFICATE OF SERVICE**

I hereby certify that on April 7, 2016, I electronically filed the foregoing pleading with the Clerk of Court, using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Patrick J. Wielinski*
Patrick J. Wielinski